IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                       :
MILTON CLYDE MILEY                    : CASE NO. 1:12 CV 1150
                                                       :
                                  Petitioner :
                                                       : MEMORANDUM OF OPINION
             -vs-                               : AND ORDER
                                                       :
                                                       :
ROD JOHNSON, WARDEN          :
                                                       :
                                 Defendant
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

          Petitioner Milton C. Miley filed the above-captioned Petition for the Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254.  Petitioner is currently in the Madison

Correctional Institution, serving a sentence of 35 years on fourteen counts of unlawful

sexual conduct with a minor, eight counts of disseminating matter harmful to a juvenile,

nineteen counts of corrupting another with drugs, and nine counts of rape.

          The Petitioner challenges his conviction and sentence on the following grounds:

that due process was violated because the state appellate court lacked jurisdiction; that

his right to a speedy trial was violated; that the indictment was constitutionally

insufficient; that the imposition of consecutive sentences violated his constitutional

rights; that the evidence was insufficient to support a conviction for statutory rape; and

that the jury verdict form was defective, so as to violate due process. For the reasons

explained below, all of the Petitioner's claims are procedurally defaulted. The Court will accordingly deny the Writ.

## I. Background

Petitioner became acquainted with L.F and S.F. when they visited his store in the mid-1990's.  See State v. Miley, Nos. 09CA39, 09CA 40, 2009 WL 2457019 (Ohio App. 5 Dist. 7 Aug. 2009).  In 2000, when S.F. was eleven years old and L.F. was fourteen years old, Petitioner offered them $25.00 per week to do some remodeling work around his home.  Id.  During the winter of 2000-2001, when the boys were at his residence, Petitioner offered S.F. money and marijuana to engage in sexual activity with him.  Id. S.F. testified at Petitioner's trial that these encounters occurred frequently.  L.F. testified of similar encounters with Petitioner beginning in 2002, prior to his sixteenth birthday. Id.  Both boys testified that Petitioner showed them pornographic movies at his home, and supplied them with alcohol, cigarettes and marijuana.  Id.  This behavior continued until 2004 when L.F. informed his father that his brother, S.F. was being sexually molested by Petitioner.  Id.  Their father reported the allegations to Richland County Children Services ("Children Services").

Children Services investigators interviewed both boys.  Based on the content of the interviews, the Richland County Sheriff's Office was contacted and a search warrant was obtained for Petitioner's residence.  Several items were confiscated during the search, including pornographic videos, marijuana, drug paraphernalia, items of a sexual nature, sheets, and sofa cushions.  Thereafter, the Richland County Grand Jury returned a fifty-five count indictment against Petitioner which included charges of rape,

unlawful sexual conduct with a minor, corrupting another with drugs and disseminating matter harmful to a juvenile.

## II. Procedural History

### A. First Trial

The case proceeded to trial in May 2005.  Over Petitioner's objection, the trial court permitted prosecutors to introduce Petitioner's 1994 conviction on five counts of gross sexual imposition with a minor, J.W.  J.W. testified that he and his brother had been paid to work at Petitioner's residence in the early 1990's.  He indicated Petitioner eventually began to provide them with gifts in exchange for sexual behavior.  The court also allowed S.F. to testify that Petitioner admitted to having sexual relations with J.W. while he was a minor.  Richland County Detectives then testified regarding the similarities between the J.W. case and the case involving L.F. and S.F.  Another witness, E.R., was permitted to testify that Petitioner molested him as a juvenile in the early 1990's.  On 20 May 2005, the jury returned a verdict of guilty on all fifty-five counts of the indictment.  Petitioner was sentenced to a total of thirty-five years incarceration, and was declared to be a sexual predator pursuant to Ohio Revised Code § 2950.

### B. First Direct Appeal

Petitioner filed a direct appeal of his conviction on 1 July  2005.  See State of Ohio v. Miley, Nos. 2005-CA-67, 2006-CA-14, 2006 WL 2589816 (Ohio App. 5 Dist. 8 Sept. 2006).  He asserted four assignments of error:

> 1.  Appellant was denied a fair trial where, contrary to [Ohio Revised Code] § 2907.02(D), [Ohio] Evidence Rule 403(A) and Evidence Rule 404(B), the trial court permitted the state to introduce unfairly prejudicial testimony and evidence

3

concerning Appellant's prior conviction from ten years earlier and alleged other acts from more than ten years earlier.

2.  Appellant's convictions were not supported by sufficient evidence and the jury's verdicts were against the manifest weight of the evidence.

3.  Appellant's maximum and consecutive sentences were erroneously imposed pursuant to unconstitutional sentencing provisions, which required the trial court to make judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by Appellant, and those sentences must be reserved and remanded pursuant to  *State v. Foster*, 109 Ohio St. 3d. 1 (2006).

4.  The trial court erred by denying Appellant's Motion for New Trial based on newly discovered evidence that alleged victim [L.F.] lied under oath during cross-examination when he denied stealing a firearm from his aunt and uncle, where [L.F.'s] credibility was a key issue affecting the outcome of the trial.

Id. at *7-8.  On 8 September 2006, the court of appeals reversed Petitioner's conviction on the first assignment of error finding that the trial court committed prejudicial error by allowing the testimony of J.W. and E.R. to be used to show Petitioner acted in conformity with prior bad acts.  The remaining assignments of error were considered moot.

The State appealed this decision to the Ohio Supreme Court on 18 September 2006.  The Supreme Court declined to accept jurisdiction and dismissed the appeal on 11 January 2007.

C.  Second Trial

The State elected to conduct a second trial on the indictment.  Petitioner requested a change of venue on 2 February 2007 due to negative pretrial publicity.  The Motion was denied on 20 June 2007.

4

On 8 February 2007, the Richland County Grand Jury indicted Petitioner on four additional charges, two for having a weapon under disability and two for receiving stolen property, alleging they were based on newly discovered evidence.  Petitioner filed a Motion to Dismiss the 2007 indictment on speedy trial grounds.  The court denied the Motion on 21 September 2007.

The case was set for trial on 8 October 2007.  Petitioner entered a plea of no contest to the two additional charges of having a weapon under disability, counts 58 and 59 of the 2007 indictment, on 9 October 2007.  The remaining charges, including those from the original indictment, proceeded to a jury trial.  On 24 October 2007, the jury found Petitioner guilty on all charges.  The trial court entered a judgment of conviction on the two counts of receiving stolen property and two counts of having a weapon under disability based on the guilty plea.  In a separate entry on 25 October 2007, the court entered a judgment of conviction by the jury on the remaining counts.  Petitioner was sentenced to thirty-eight years in prison.

### D.  Second Appeal

Petitioner filed an appeal of that conviction on 20 November 2007.  See State of Ohio v. Miley, No. 07-CA-113, 07-CA-114, 2009 WL 321192 (Ohio App. 5 Dist. 10 Feb. 2009).   He asserted four assignments of error:

> 1.  The trial court erred by denying Appellant's Motion to Dismiss Counts 58 and 59 of the 2007 indictment for violation of his speedy trial rights, where (1) those additional charges arose from the same facts and circumstances as the fifty-five counts charged in the original 2005 indictment; (2) the state of Ohio knew of the underlying facts in support of counts 58 and 59 before the original indictment was filed; and (3) Appellant was not brought to trial on those additional

charges within the speedy trial time limitations set forth in [Ohio Revised Code] §2945.10 *et seq.*

2.  The trial court abused its discretion and erred to the prejudice of Appellant by denying his Motion for Change of venue for his retrial, where (1) the local media coverage of both his first trial and successful appeal of his convictions was inflammatory and extremely negative towards Appellant and (2) said media coverage included detailed information about 'other acts' erroneously introduced during the first trial which directly resulted in this court of appeals' reversal of Appellant's convictions.

3.  Appellant's convictions were not supported by sufficient evidence and the jury's verdicts were against the manifest weight of the evidence.

4.  The trial court abused its discretion and erred to the prejudice of Appellant by denying Appellant's Motion for New Trial based on juror misconduct without an oral hearing on said Motion, where the jury foreperson failed to disclose that he had previously met Appellant and worked on the premises where the alleged offenses supposedly took place during relevant time periods set forth in the indictment and was potential witness in the case.

Id.  The court of appeals did not address the merits of this appeal.  Instead, the court determined that the entries of conviction issued by the trial court were not final appealable orders.  The court cited a recent Ohio Supreme Court case that defined a "final appealable order" as one which memorializes the sentence, and the manner of conviction, such as a guilty plea, a no contest plea, jury finding, or a determination of guilt by the judge.  State v. Baker, 119 Ohio St. 3d 197, 201 (2008).  The court also indicated that all of these requirements must be met in a single document signed and journalized by the court.  The two entries of conviction issued by the trial court did not contain the manner of conviction and were not in a single document and therefore could

6

not be considered a final appealable order under <u>Baker</u>.  The appeal was dismissed on 10 February 2009.

The trial court issued an Amended Sentencing Order on 13 February 2009.  The Amended Order recognized that Petitioner had entered a plea of no contest to two of the charges in the indictment and indicating Petitioner was found guilty by a jury on the remaining charges.

### E.  <u>Third Appeal</u>

Petitioner filed an appeal of second conviction based on the Amended Sentencing Order on 16 March 2009.  <u>See State v. Miley</u>, Nos. 09CA39, 09CA40., 2009 WL 2457019 (Ohio App. 5 Dist. 7 August 2009).  He asserted four assignments of error:

> 1.  The trial erred by denying Appellant's Motion to Dismiss Counts 58 and 59 of the 2007 indictment for violation of his speedy trial rights, where (1) those additional charges arose from the same facts and circumstances as the fifty-five counts charged in the original 2005 indictment; (2) the state of Ohio knew of the underlying facts in support of counts 58 and 59 before original indictment was filed; and (3) Appellant was not brought to trial on those additional charges within the speedy trial time limitations set forth in [Ohio Revised Code] §2945.10 *et seq.*

> 2.  The trial court abused its discretion and erred to the prejudice of Appellant by denying his Motion for Change of venue for his retrial, where (1) the local media coverage of both his first trial and successful appeal of his convictions was inflammatory and extremely negative towards Appellant and (2) said media coverage included detailed information about 'other acts' erroneously introduced during the first trial which directly resulted in this court of appeals' reversal of Appellant's convictions.

> 3.  Appellant's convictions were not supported by sufficient evidence and the jury's verdicts were against the manifest weight of the evidence.

7

> 4.  The trial court abused its discretion and erred to the
> prejudice of Appellant by denying Appellant's Motion for New
> Trial based on juror misconduct without an oral hearing on
> said Motion, where the jury foreperson failed to disclose that
> he had previously met Appellant and worked on the
> premises where the alleged offenses supposedly took place
> during relevant time periods set forth in the indictment and
> was potential witness in the case.

Id. at *3.  The court of appeals sustained Petitioner's first assignment of error finding his

speedy trial rights were violated on the 2007 charges of having a weapon under

disability on 7 August 2009.  All other assignments of error were overruled.

Petitioner filed an appeal of this decision to the Ohio Supreme Court on 21

September 2009.  He asserted three propositions of law for appeal:

> 1.  At a minimum, constitutional due process requires that
> the trial court afford a criminal defendant an oral evidentiary
> hearing on his motion for new trial based on juror
> misconduct, where the jury foreperson failed to disclose
> during voir dire or the trial itself that he had previously met
> the defendant, had worked on the premises where most of
> the charged offenses allegedly took place during the relevant
> time periods set forth in the indictment, and was therefore a
> potential witness in the case.
>
> 2.  A change of venue is required on re-trial where pretrial
> medial coverage of a criminal case includes detailed
> information about the "other acts" erroneously introduced
> during the first trial which resulted in reversal of the
> convictions on appeal, and presumes the defendant's guilt.
>
> 3.  A criminal defendant is denied due process where the
> evidence was insufficient to support his convictions, in
> particular, the "statutory" rape convictions under R.C.
> 2907.02(A)(1)(b)(2) where the alleged victim was over the
> age of thirteen years, and those conviction are against the
> manifest weight of the evidence.

8

See State v. Miley, No. 2009-1698 (Ohio Sup. Ct. filed 21 Sept. 2009).[1]  On 2

December 2009 the Ohio Supreme Court declined to accept jurisdiction.  State v. Miley,

No. 2011 CA 0005, 2011 WL 5221885 (Ohio App. 5 Dist. 31 Oct. 2011).

### F.  Writ of Mandamus

Petitioner also filed a Petition for a Writ of Mandamus and/or Procedendo to

compel the trial court to issue a final appealable order which complies with the

requirements set forth in *Baker*.  He also filed a Motion to Dismiss.  The State

responded that *Baker* could not be applied retroactively to cases which were already

appealed and affirmed.  The court of appeals disagreed.

The court of appeals noted that the Amended Sentencing Order did indicate that

Petitioner entered a no contest plea, but failed to indicate the trial court made a finding

of guilt as a result of that plea.  The court noted that, "Although this Court did allow an

appeal based upon this entry to proceed to a conclusion, the opinion on the merits was

improvidently issued because the order is not a final, appealable order because the

order did not contain a finding of guilty."  Miley v. Henson, No. 2010-CA-0032, 2010 WL

3590930 (Ohio App. 5 Dist. 11 Aug. 2010).  The court issued the Writ of Mandamus,

and ordered the trial court to issue an order which complied with the dictates of Baker.

Id. at *2.  On 28 December 2010, the trial court filed a *Nunc Pro Tunc* sentencing entry

in Case No. 2005 CR 85 indicating that "the defendant had been found guilty by a jury"

and clarifying the terms of post-release control.

### G.  Fourth Appeal

---

[1]     Ohio Supreme Court dockets can be viewed at:
http://www.supremecourt.ohio.gov.

9

After the *Nunc Pro Tunc* order was issued, Petitioner filed his Fourth Direct

Appeal of his conviction.  See State v. Miley, No. 2011 CA 0005, 2011 WL 5221885

(Ohio App. 5 Dist. 31 Oct. 2011).  He asserted six assignments of error:

> 1.  This [appellate] court is without jurisdiction to consider this appeal as it is predicated on a final judgment from a trial that was void as it was predicated on an order of this court that was issued without a [sic] jurisdiction as the journal entry dated June 6, 2005 was not a final appealable order and as such, never established appellate jurisdiction to order the second trial.

> 2.  The trial court erred in not granting Appellant's Motion to Dismiss for Violating his constitutional right to speedy trial guaranteed by the Sixth Amendment to the United States Constitution, and Article I, section 10 of the Ohio Constitution.

> 3.  The trial court erred in not dismissing the Appellant's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating Appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, section 10 of the Ohio Constitution.

> 4.  The trial court erred in imposing consecutive sentences on the Appellant when no such statutory authority exists for the imposition such, violating the Appellant's constitutional rights pursuant to the 5th, 6th, and 14th Amendments to the U.S. Constitution, & Article IV, §10 of the Ohio Constitution.

> 5.  A criminal defendant is denied due process where the evidence was insufficient to support his convictions, in particular, the 'statutory' rape convictions under [Ohio] Revised Code § 2901.02(A)(1)(B)(2) where the alleged victim was over the age of thirteen years, and those convictions are against the manifest weight of the evidence.

> 6.  The jury verdict form was not sufficient to support the felony conviction for which the Appellant was sentenced pursuant to [Ohio] Revised Code § 2945.75, the verdict forms neither specified the degree of the offense or the aggravating element that had been found to justify convicting

10

Case: 1:12-cv-01150-LW  Doc #: 7  Filed:  10/18/12  11 of 21.  PageID #: 74

> the Appellant of a greater degree of a criminal offense,
> violating the Appellant's right to due process.

Id. at *2.  The court of appeals noted that the Ohio Supreme Court had recently clarified in State v. Lester, 130 Ohio St.3d 303, 311 (2011) that a *nunc pro tunc* judgment entry that is issued for the sole purpose of complying with Ohio Crim. R. 32(C) as set forth in *Baker* to correct a clerical omission in a prior final judgment entry does not create a new right to appeal.  The Ohio Supreme Court determined that no new or substantial right is affected by correcting the sentencing judgment to reflect what actually occurred.  The Fifth District Court of Appeals therefore concluded that Petitioner exhausted the appellate process when the re-sentencing judgment was reviewed and affirmed on appeal in State v. Miley, Nos. 09 CA 39 and 09 CA 40, 2009 WL 2457019 (Ohio App. 5 Dist. 7 Aug. 2009)(Petitioner's third appeal) and the Ohio Supreme Court declined to accept jurisdiction.  The court concluded that this latest appeal was barred by the doctrine of *res judicata* and dismissed the appeal on 31 October 2011.

Petitioner appealed this decision to the Ohio Supreme Court on 5 December 2011.  He asserted six propositions of law:

> 1.  The court was without jurisdiction to consider this appeal as it is predicated on a final judgment from a trial that was void as it was predicated on an order of the court that was issued without a [sic] jurisdiction as the journal entry dated June 6, 2005 was not a final appealable order and as such, never established appellate jurisdiction to order the second trial.  The Appellant had a liberty interest created by Crim. R. 32(C), this is inalienable and cannot be modified retroactively.
>
> 2.  The trial court erred in not granting Appellant's Motion to Dismiss for Violating his constitutional right to speedy trial guaranteed by the Sixth Amendment to the United States

Constitution, and Article I, section 10 of the Ohio Constitution.

3.  The trial court erred in not dismissing the Appellant's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating Appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, section 10 of the Ohio Constitution and the Appellant was denied his liberty interest established by the Ohio Constitution to have a grad jury determine probable cause for each and every element of the charged offenses.

4.  The trial court erred in imposing consecutive sentences on the Appellant when no such statutory authority exists for the imposition such, violating the Appellant's constitutional rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article IV, section 10 of the Ohio Constitution.

5.  A criminal defendant is denied due process where the evidence was insufficient to support his convictions, in particular, the 'statutory' rape convictions under [Ohio] Revised Code § 2901.02(A)(1)(B)(2) where the alleged victim was over the age of thirteen years, and those convictions are against the manifest weight of the evidence.

6.  The jury verdict form was not sufficient to support the felony conviction for which the Appellant was sentenced pursuant to [Ohio] Revised Code § 2945.75, the verdict forms neither specified the degree of the offense or the aggravating element that had been found to justify convicting the Appellant of a greater degree of a criminal offense, violating the Appellant's right to due process.

State v. Miley, No. 11-2023 (Ohio Sup. Ct. filed 5 December 2011).  The Ohio Supreme

Court declined to accept jurisdiction and dismissed the appeal on 7 March 2012.

### III.  Habeas Petition

Petitioner filed the present Petition for the Writ of Habeas Corpus pursuant to 28

U.S.C. §2254 on 10 May 2012.  He asserts six grounds for relief:

12

1. The Court of Appeals was without jurisdiction to consider the Petitioner's first appeal as the final judgment was not a final appealable order and never established appellate jurisdiction violating Petitioner's right to due process and depriving him in the liberty interest created by [Ohio] Criminal Rule 32(C).

2.  The trial court violated Petitioner's right to a speedy trial when it dismissed Petitioner's Motion to Dismiss for Violating Defendant's constitutional right to speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, and Article I, section 10 of the Ohio Constitution.

3.  Petitioner's indictment(s) that are constitutionally insufficient to charge any criminal offense whatsoever under Ohio Law, violating Appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, section 10 of the Ohio Constitution, and also denied his liberty interest established by [the] Ohio Constitution to have a Grand Jury determine probable cause for each and every element of the charged offenses.

4.  The trial court improperly imposed consecutive sentences on Petitioner when no such statutory authority exists for the imposition of such, violating the Appellant's constitutional rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article IV, section 10 of the Ohio Constitution.

5.  Petitioner was denied due process where the evidence was insufficient to support his convictions for statutory rape under [Ohio] Revised Code § 2901.02(A)(1)(B)(2) where the alleged victim was over the age of thirteen years, and those convictions are against the manifest weight of the evidence.

6.  The jury verdict form was not sufficient to support the felony conviction for which the Petitioner was sentenced pursuant to [Ohio] Revised Code § 2945.75, the verdict forms neither specified the degree of the offense or the aggravating element that had been found to justify a conviction of a greater degree of a criminal offense, violating Petitioner's right to due process.

In support of his first ground for relief he states:

> The court of appeals was without jurisdiction to consider Petitioner's first appeal as it is predicated on a final judgment (June 6, 2005) that was void and not a final appealable order.  The result of this appeal was a new trial and another identical final judgment that was also void, only this time the appeals court recognized it and dismissed the appeal.  The Court of Appeals never had jurisdiction to order the new trial in the first instance.  The court issued a new judgment relating to some but not all of the charges and the Appeals Court accepted this appeal.  However, after the Petitioner filed a Petition for Writs of Mandamus and or Precedendo the Court of Appeals granted the writs as the judgment was not a final appealable order.  During the extended time period of this litigation the Ohio supreme Court Judicially revised Criminal Rule 32(C) and stripped the Petitioner of the liberty interest he had at the time of his conviction until October 13, 2011 when the Court revised Criminal Rule 32(C).

(Doc. 6 at 6.)

In support of his second ground for relief, Petitioner claims he was denied a speedy trial after his first conviction was reversed.  He contends he remained incarcerated after the conclusion of the appeal.  Under Ohio law, the state has 90 days to bring a case to trial if the accused is detained in custody awaiting trial.  He alleges that "after allowing for defense motions which have a tolling effect on the time limit the state still exceeded the 90 day limit.  Trial actually commenced after 114 net days passed."  (Doc. 6 at 8.)

Petitioner's third ground for relief contends his indictment was "constitutionally insufficient."  He explains that the indictment did not charge any offense under Ohio law because they did not contain all of the essential elements of the offenses that they sought to charge and did not give him sufficient notice of the specific accusations which

14

he was expected to defend and which the state is expected to prove to obtain a conviction.

Petitioner's fourth ground for relief challenges the propriety of consecutive sentences.  He claims the Ohio Supreme Court "excised [Ohio] Revised Code §2929.14(E)(4) as unconstitutional in <u>State v. Foster</u>, leaving Ohio without a statute giving judges jurisdiction to impose consecutive sentences."  (Doc. 6 at 11.)

In support of his fifth ground for relief, Petitioner contends he was denied due process where the evidence was insufficient to support a conviction for statutory rape.  He contends that when the victim is over the age of thirteen, the charge should be illegal sexual conduct with a minor, not statutory rape.

Finally, for his sixth ground for relief, Petitioner challenges the verdict form.  He explains that "the verdict forms are not sufficient to support a conviction for any offense other than the least degree of the offense charged regarding: Counts 1-5, 6-10, 31-40, and 41-45."  (Doc. 6 at 11-B).

## IV.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on 24 April 1996 and applies to habeas corpus petitions filed after that effective date.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>see Woodford v. Garceau</u>, 538 U.S. 202, 210 (2003); <u>Barker v. Yukins</u>, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" <u>Woodford</u>, 538 U.S. at 206 (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for the Writ of

15

Habeas Corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. Wilkins v. Timmerman-Cooper, 512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Wilkins, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States.  Williams v. Taylor, 529 U.S. 362, 405 (2000).  In order to have an "unreasonable application of ... clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect.  Id. at 409.  The provision applies even in cases where the state courts summarily reject a claim or issue a ruling "unaccompanied by an opinion explaining the reasons relief has been denied." Harrington v. Richter, 131 S.Ct. 770, 784–85 (2011).  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta.  Williams, 529 U.S. at 415.

16

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." Wiggins v. Smith, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. Id. "This standard requires the federal courts to give considerable deference to state court decisions." Ferensic v. Birkett, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" Herbert v. Billy, 160 F.3d 1131, 1135 (6th Cir. 1998).

In addition, a federal court may not grant a Petition for a Writ of Habeas Corpus filed by a person in state custody unless "it appears that ... the applicant has exhausted the remedies available in the courts of the state...." 28 U.S.C. § 2254(b)(1)(A); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. See, e.g., Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009); Frazier v. Huffman, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. Wagner, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, the claim must be

17

presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  Id.  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. Wagner, 581 F.3d at 414.

### V.  Analysis

Each of Petitioner's grounds for relief is procedurally defaulted.  Petitioner asserted these claims in the Ohio courts for the first time in his appeal from the 28 December 2010 *nunc pro tunc* sentencing entry.  Petitioner had previously filed an appeal of his second conviction, asserting entirely different grounds for relief, and received a judgment on the merits of the claims asserted in that appeal.  He appealed that decision to the Ohio Supreme Court which denied jurisdiction to hear the appeal. Thereafter, the trial court corrected a clerical error in the judgment entry *nunc pro tunc*. Petitioner attempted to file a new appeal of his conviction, asserting new grounds for relief, based on the issuance of the corrected judgment entry.  The Ohio Fifth District Court of Appeals cited State v. Lester, 130 Ohio St.3d 303, 311 (2011) to dismiss the appeal indicating, "a *nunc pro tunc* judgment entry issued for the sole purpose of complying with [Ohio] Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken."  State of Ohio v. Miley, No. 2011 CA 0005, 2011 WL 5221885 (Ohio App. 5 Dist. Oct. 31, 2011)(quoting

18

State v. Lester, 130 Ohio St.3d 303, 311 (2011)).  In addition, the court of appeals noted that because Petitioner had already filed an appeal of his second conviction which received review on the merits of his claims, the doctrine of *res judicata* barred review of the new claims he asserted in that appeal.  Petitioner appealed this decision to the Ohio Supreme Court which summarily declined jurisdiction and dismissed the appeal.  Petitioner did not receive a review by a state court of the merits of any of the claims asserted in this habeas petition.

A claim may be procedurally defaulted if the Petitioners fails "to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." Lundgren v. Mitchell, 440 F.3d 754, 763 (6th Cir.2006) (quoting Seymour v. Walker, 224 F.3d 542, 549–50 (6th Cir.2000)).  If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when "1) [the] petitioner failed to comply with the rule, 2) the state actually enforced the rule against the petitioner, and 3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." Id. (quoting Willis v. Smith, 351 F.3d 741, 744 (6th Cir.2003)); see Taylor v. McKee, 649 F.3d 446, 450 (6th Cir. 2011).  Because the state actually enforced the procedural rule set forth in State v. Lester against the Petitioner and that rule presents an 'adequate and independent' state ground for foreclosing federal habeas review, the grounds for relief asserted in this Petition have been procedurally defaulted.

19

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review.  See Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986); see also Hutchison v. Bell, 303 F.3d 720, 735 (6th Cir. 2002); Combs v. Coyle, 205 F.3d 269, 274-75 (6th Cir. 2000).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" Hargrave–Thomas v. Yukins, 374 F.3d 383, 388 (6th Cir.2004) (quoting McCleskey v. Zant, 499 U.S. 467, 493–94 (1991)).  To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage."  Perkins v. LeCureux, 58 F.3d 214, 219 (6th Cir. 1995) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded him from raising these claims in his first appeal of his conviction on retrial.  He was represented by counsel in the filing of that appeal and obtained relief on one of his

20

assignments of error.  His conviction on the remaining counts was upheld.  He does not

indicate he was prevented in any way from asserting his claims in his first appeal after

his retrial.  He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against

fundamental miscarriages of justice, the United States Supreme Court has recognized a

narrow exception to the cause requirement where a constitutional violation has

"probably resulted" in the conviction of one who is "actually innocent" of the substantive

offense.  Dretke v. Haley, 541 U.S. 386, 392 (2004) (citing Murray, 477 U.S. at 495-96).

Petitioner does not claim he is innocent of the underlying conviction.  There is no

suggestion that a fundamental miscarriage of justice occurred as a result of this

procedural default.

## VI.  Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is

denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section

2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an

appeal from this decision could not be taken in good faith, and that there is no basis

upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P.

22(b).


IT IS SO ORDERED.

                                     /s/ Lesley Wells
                                    UNITED STATES DISTRICT JUDGE

Date: 18 October 2012

21